# �National𝔯𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## STROTHER'S ADMINISTRATOR v. XAUPI AND ALS.

### JANUARY 29th, 1885.

1. PRACTICE IN CHANCERY—*Rehearing—Case at Bar.*—T. held J.'s bond dated 1860, whereon M. and S. were sureties. In 1866, after death of the sureties, judgment was had on the bond against J. Under M.'s will J. is a legatee, and assigns to T. his legacy to pay the bond. In 1879, X., another legatee of M., sues for a settlement of the estate, and T. is made a party, and receives payment of the bond out of J.'s interest in the estate. In 1882, the master files a supplemental report, founded on a letter of J.'s dated 1880, and showing that J. had received from M., his mother, *before* she made her will, an advancement, which satisfied his legacy. In 1882, a decree was entered confirming this report. In .1883, M.'s executor sues administrator of S. claiming that the estate of the latter should refund half of the sum paid by M.'s estate to satisfy the bond, and based the claim on the said report so confirmed. In the suit of *X.* v. *M.'s executor*, in 1884, the administrator of S. asked leave to file petition to rehear and annul decree confirming said report.

HELD :

    1. Decree of 1882, confirming supplemental report, was not binding on S.'s estate, it being rendered in a suit wherein said estate was unrepresented.

    2. Letter containing admissions of assignor after the assignment, was not evidence, and no basis for the report.

    3. Leave should have been given to file the petition.

· Argued at Staunton, but decided at Richmond.

Appeal from decree of the circuit court of Clarke county, rendered May 19th, 1884. in the chancery cause of Edward J. Xaupi and wife against Mary Mitchell's executor and others. The facts of this case are the same as those in the foregoing case of Strother's administrator against Mitchell's executor,

with the addition that after the institution of the said suit, in May 1884, the administrator of J. T. Strother, asked leave of the said circuit court in this cause, to file a petition and to become a party thereto, and to have the decree, which confirmed the report of Master Moore, reheard and annulled, and to resettle the accounts of J. T. Thomas, executor of Mary Mitchell. But the circuit court refused the leave and rejected the petition. From which decree, the administrator of J. T. Strother obtained an appeal to this court.

*T. W. Harrison*, for the appellant.

*Barton & Boyd*, for the appellees.

LACY, J., delivered the opinion of the court.

The record in this case, shows that after the institution of the suit against him, by Mitchell's executor, as set forth in the suit of *Strother's administrator* v. *Mitchell's executor*, Strother's administrator, moved the circuit court of Clarke county, for leave to file a petition presented to the court, that he might be permitted to come into this suit, and defend his rights herein; that he had no notice whatever of this suit until the institution of the suit against him in the circuit court of Frederick county; that it was then claimed that he was concluded by this suit, although he had been in no wise connected with it; that he did not know he was in any way interested in this suit until he was notified by the suit against him in Frederick county, based upon the results of this; that having been held to be interested in this suit, he prayed to be allowed to come in by petition, and defend his rights herein; that there were material errors in this record; that if he was to be bound by the proceedings, he desired to be heard; that the decree herein against him was based upon insufficient evidence, was indeed, without proof of any sort; that the letter of Joseph T.

Mitchell, upon which the decree was based, was neither filed nor exhibited, that it was not evidence against him, as he was not a party to the suit, and was not evidence for any purpose, because the writer had no interest in the subject, having long before the date of the letter, assigned all his interest to Mrs. Tuley, who was seeking in that suit to subject it to the payment of her debt.    This, and much more was set forth in the said petition.    But the circuit court refused to allow the petition to be filed, and decreed that it be rejected.    From this decree Strother's administrator appealed to this Court.

The circuit court of Clarke erred in rejecting this petition. Strother's administrator was deeply concerned in the final result of the cause, and all the proceedings up to that point had been had when he was not before the court.

The decision of the court had been based, so far as it concerned Strother, upon a letter of Jos. T. Mitchell, written many years after he had assigned his interest to a third person.    It was not offered in evidence to affect the rights of his assignee; for, so long as Mrs. Tuley was in the cause asserting her right to the interest of Jos. T. Mitchell in his mother's estate, by virtue of his assignment to her, it was not produced.    After Mrs. Tuley had been paid her debt, as the assignee of Jos. T. Mitchell, *then it was produced out of the possession of one of the parties to show that* Jos. T. Mitchell had no interest in the estate of his mother, and it was then made the basis for the action of the court in reforming the accounts settled in the cause, *the only effect of which was to fasten a liability* on Strother's administrator for the benefit of the parties thus producing and using it among themselves.

Where had this letter, addressed to the wife of the executor of Mrs. Mitchell, as the commissioner says *he supposes it was,* been all the time before that?    If produced before Mrs. Tuley was paid, as the assignee of Jos. T. Mitchell, and then relied on, as it has been since, it would have shown that Mrs. Tuley took nothing by her assignment from Jos. T. Mitchell, because

he had nothing to assign.   Was this very important letter, as it has been held to be, held back by accident, mistake, or negligence?   The husband of the person to whom it was *supposed* by the commissioner to be addressed, because it began "My dear Belinda," and ended "Your affectionate brother," and who informed us that he was a lawyer practicing his profession in Philadelphia, cannot be presumed to have held it in ignorance of its value to him, if he could make it available.

But it is of no practical value to speculate upon the matter. The history of the letter is subject to proof.   It did not prove itself; and, if it had, it did not affect the rights of Strother's administrator, who was not a party to the cause. .

The general rule admitting the declarations of a party to the record in evidence applies to all cases where the party has any interest in the suit.   But when the party has no interest in the matter, his name being used by one to whom he has assigned all his interest in the subject of the suit, he cannot be permitted by his acts or his admissions to disparage the title of his assignee or vendee.   That chancery will always protect the assignee is very certain, says Mr. Greenleaf.

The letter could not have been used to defeat the claim of Mrs. Tuley as assignee, and it cannot. be used to affect the rights of Strother's administrator without admitting him an opportunity to show cause against it.   For these, and the reasons set forth in the opinion in the case of *Strother* v. *Mitchell,* we think the circuit court erred in rejecting the petition of Strother's administrator, and the same must be reversed and annulled, and the cause remanded to the said circuit court of Clarke county for further proceedings to be had therein.

DECREE REVERSED.